LUNA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-012-CR

JESUS DELGADO LUNA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Jesus Delgado Luna appeals from his conviction for aggravated sexual assault of a child less then fourteen years of age.  In his sole point, he argues that the trial court improperly considered his guilty plea in denying his motion for forensic DNA testing.  We affirm.

Discussion

Appellant pled guilty to aggravated sexual assault of a child less than fourteen years of age.  The trial court sentenced him to forty-five years’ confinement.  Appellant then filed a motion for DNA testing.  The court denied appellant’s motion because he failed to satisfy the requirements of article 64.03 of the code of criminal procedure. 
 
Tex. Code Crim. Proc. Ann
. art. 64.03 (Vernon Supp. 2003).

In his sole point, appellant contends that the trial court improperly considered his guilty plea in denying his motion for forensic DNA testing.  The State responds that the trial court properly denied appellant’s motion because identity was not an issue in the case, and the evidence had already been subjected to DNA testing with no likelihood of more accurate results. 

Article 64.03 states that a court may order forensic DNA testing only if identity was or is an issue in the case.  
Id
. art. 64.03(a)(1)(B).  While it is true that anyone may request DNA testing, by its explicit terms, article 64.03 does not require the trial court to grant the request in all cases; a court must order testing only if the statutory preconditions are met. 
 Bell v. State
, 90 S.W.3d 301, 306  (Tex. Crim. App. 2002).  It further requires that a “convicted person who pleaded guilty . . . in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case 
solely on the basis of that plea
.”  
Tex. Code Crim. Proc. Ann
. art. 64.03(b) (emphasis added).  Therefore, this statute does not guarantee a person who pled guilty the right to DNA testing; it simply prohibits a convicting court from using a guilty plea to deny DNA testing.  
Bell
, 90 S.W.3d at 306-07.  

We conclude that the trial court did not improperly rely on appellant’s guilty plea to find that identity was not an issue.  The State filed the affidavit of Anna Juarez, the victim’s mother, with its reply to appellant’s motion for forensic DNA testing.  Juarez stated that she, appellant, and the victim were sleeping in the same bedroom the night the assault occurred.  Juarez woke up when she heard her daughter saying, “Stop it, stop it.”  She then realized that her daughter was not in the bed beside her, but was on the floor next to appellant.  When Juarez pulled the covers off of them, appellant’s penis was on top of the victim’s leg, and she saw sperm and blood on the victim’s legs and private parts.

Because the trial court had Juarez’s affidavit identifying appellant as the attacker and placing him in the bedroom when the assault occurred, the trial court did not find that identity was not an issue based solely on appellant’s guilty plea.  
See
 
Tex. Code Crim. Proc. Ann
. art. 64.03(b). 
 Thus, the trial court properly denied appellant’s request for forensic DNA testing.  

The State also argues that under article 64.01(b)(2) appellant presented no evidence showing that some newer DNA test would likely provide more accurate and probative results than the DNA-RFLP test.  
Id.
 
art. 64.01(b)(2); 
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (holding chapter 64 requires a defendant to establish that a reasonable probability exists that exculpatory DNA testing of the evidence would prove his innocence).  The analyst of the DNA samples concluded that the probability of selecting an unrelated individual matching the appellant’s profile was one in greater than 5.5 billion Caucasians or African-Americans, one in 5.2 billion Southeastern Hispanics, and one in one billion Southwestern Hispanics.  Given these results and the lack of any controverting evidence, appellant failed to show a reasonable likelihood that new testing techniques would provide a more accurate result.  Therefore, the trial court properly denied his motion for forensic DNA testing.
  
See
 
Tex. Code Crim. Proc. Ann
. art. 64.01(b)(2); 
Rivera
, 89 S.W.3d at 59.  Accordingly, we overrule appellant’s sole point. 

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 14, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.